```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | | |
|---|---|---|
| ELIZABETH A. PRUETZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4198 |
| | § | |
| STANDARD GUARANTY INSURANCE | § | |
| COMPANY and ROBERT L. KELLMAN, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Elizabeth A. Pruetz's Motion to Remand, (Document No. 6). After having reviewed the motion, response, and applicable law, the Court concludes that the motion should be denied.

This is a Hurricane Ike insurance dispute. Plaintiff Elizabeth A. Pruetz ("Plaintiff") filed this suit in state court, and Standard Guaranty Insurance Company and Robert L. Kellman ("Defendants") timely removed the case to this Court on October 29, 2010, based upon diversity jurisdiction.[1] Plaintiff did not file her Motion to Remand until February 8, 2011, 102 days after the case had been removed to this Court.[2]

Plaintiff does not challenge this Court's jurisdiction, but asserts that Defendants' removal was defective because a "service-

---

[1] Document No. 1 at 1-2.

[2] Document No. 6.

of-suit" clause in the insurance policy barred Defendants from removing the case.³ Defendants do not dispute the effect of the service-of-suit clause,⁴ but maintain that Plaintiff filed her Motion to Remand after expiration of the 30-day period allowed and therefore waived her objection to removal. *See* 28 U.S.C. § 1447(c).

The removal statute requires that a motion to remand a case for "procedural" defects in removal, as opposed to jurisdictional defects, must be made within 30 days after the removal notice is filed in federal court. 28 U.S.C. § 1447(c); Caterpillar Inc. v. Lewis, 117 S. Ct. 467, 473 (1996); Pavone v. Miss. Riverboat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995). A plaintiff who does not object to a procedural error in the removal within 30 days waives the objection to the error. Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 457 (5th Cir. 1998). "This thirty-day deadline is strictly enforced in the Fifth Circuit." Smith v. Durane, No. Civ.A. 02-813, 2002 WL 31697719, at *3 (E.D. La. Dec. 2, 2002) (citing In re Shell Oil, Co., 932 F.2d 1518, 1522-23 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 914 (1992)).

The Fifth Circuit has defined a procedural defect as "any defect that does not go to the question of whether the case

---

³ Id.

⁴ The Fifth Circuit has held that service-of-suit clauses with the identical language to that found in the Standard policy operate as a waiver of removal. City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13, 15 (5th Cir. 1991).

originally could have been brought in federal district court." <u>Baris v. Sulpicio Lines Inc.</u>, 932 F.2d 1540, 1544 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 430 (1991). Here, the parties are citizens of different states, the amount in controversy exceeds $75,000, exclusive of interest and costs, and hence Plaintiff could have invoked the Court's subject matter jurisdiction by filing the case here.[5] Defendants improperly removed the case in contravention of the service-of-suit clause. Because the defect in the removal is not based on the jurisdiction of the Court, however, it is "within [the] reach" of section 1447(c), and thus subject to the 30-day deadline for filing a motion to remand. <u>Id.</u> at 1545. Because Plaintiff did not move to remand within 30 days after Defendants filed their Notice of Removal, she waived her objection to the removal. Accordingly, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 6) is DENIED.

The Clerk will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas on this 10TH day of March, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Document No. 1 at 2-3.